IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**UNITED STATES OF AMERICA**

v.     **CRIMINAL NO. 2:17-CR-13-KS-MTP**

**JASON MAY**

### ORDER

On July 25, 2017, Defendant pleaded guilty to conspiracy to commit health care fraud and money laundering in violation of 18 U.S.C. § 371. On July 28, 2020, the Court sentenced him to 12 months and one day of imprisonment followed by 3 years of supervised release. On December 24, 2020 – after having served less than half of his already lenient sentence – Defendant filed an "Emergency Motion for Modification of Sentence" pursuant to 18 U.S.C. § 3582(c)(1)(A) because of the COVID-19 pandemic. He seeks a reduction of his sentence or a modification of his sentence to home confinement.

First, the Court does not have the authority to order home confinement. *See United States v. Sherrill*, 2021 WL 214684, at *3 (S.D. Miss. Jan. 21, 2021) (citing 18 U.S.C. § 3621(b); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003)).

As for a reduction of sentence, 18 U.S.C. § 3582 permits the Court to reduce a term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and

that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(1)(A). Defendant has the burden of demonstrating that he meets the requirements for compassionate release. *United States v. Whirl*, 2020 WL 3883656, at *1 (S.D. Miss. July 9, 2020).

The Sentencing Commission's guidelines provide, in relevant part, that the Court may reduce a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13. The Sentencing Commission's application notes provide that an "extraordinary and compelling reason" exists if "[t]he defendant is suffering from a terminal illness . . . ." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(i). Likewise, the standard is met if:

> The defendant is
>
> > (I) suffering from a serious physical or medical condition,
> >
> > (II) suffering from a serious function or cognitive impairment, or
> >
> > (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A)(ii). The notes also

provide that certain circumstances related to the defendant's age and family circumstances can meet the standard. U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(B)-(C).

The policy statement also contains a catch-all provision that the Bureau of Prisons may determine whether there is some other "extraordinary and compelling reason" other than those in subdivisions (A) through (C). U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(D). The Fifth Circuit has declined to weigh in as to whether the catch-all provision "delegates only to the Bureau of Prisons." *United States v. Thompson*, --- F.3d ---, 2021 WL 37493, at *2 n. 4 (5th Cir. Jan. 5, 2021). This Court, however, defers to the plain language of the policy statement, which delegates the authority to determine whether such "other reasons" exist to the Bureau of Prisons. *See, e.g. United States v. Garcia*, 457 F. Supp. 3d 651, 655-56 (C.D. Ill. 2020) (policy statement provision requiring "catch-all" to be determined by BOP was not overridden by First Step Act).

Defendant argues that the COVID-19 pandemic constitutes an extraordinary and compelling reason to reduce his sentence. He is currently incarcerated at the Federal Prison Camp at Montgomery, Alabama, where he alleges that at least 115 inmates have contracted COVID-19. He argues that he is unable to effectively avoid exposure to the virus because of the conditions of confinement in the facility, and that he has already contracted the virus. He contends that he is at a higher risk of death because he has several preexisting medical conditions, including obesity, obstructive

3

sleep apnea, coronary artery disease, hyperlipidemia, and hypertension. He also argues that there is no substantial risk that he will engage in further criminal conduct or endanger any person or the public if he is released.

The Court finds that Defendant has not demonstrated that there is an "extraordinary and compelling" reason to reduce his term of imprisonment. Defendant has not articulated a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correction facility and from which he or she is not expected to recover." *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. n. 1(A). Courts in this Circuit have found that defendants who are not suffering from a terminal illness, serious physical or medical condition that diminishes their ability to care for themselves, serious functional or cognitive impairment, or deteriorating physical or mental health because of aging do not meet the standard imposed by the Sentencing Commission's policy statements. *See, e.g. United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020); *United States v. Washington*, 2020 WL 4000862, at *5 (E.D. La. July 15, 2020); *United States v. Clark*, 2020 WL 1557397, at *4 (M.D. La. Apr. 1, 2020); *United States v. Vasquez*, 2020 WL 3000709, at *3 (S.D. Tex. June 2, 2020); *United States v. Johnson*, 2020 WL 3962284, at *3 (S.D. Tex. July 13, 2020); *United States v. Dodd*, 2020 WL 3893695, at *4 (E.D. Tex. July 10, 2020); *United States v. Reeves*, 2020 WL 3895282, at *3 (N.D. Tex. July 10, 2020); *Whirl*, 2020 WL 3883656 at *3. "Preexisting medical conditions that place a defendant at

4

increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020).

Defendant's "general concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence . . . ." *Takewell*, 2020 WL 404360 at *4. "[T]he mere existence of COVID-19 in society" and, consequently, the prison system "cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (citing BOP's COVID-19 Action Plan). Moreover, the fact that Defendant has contracted COVID-19 is not sufficient, by itself, to meet the criteria for a reduction in sentence given the wide range of symptoms and outcomes among those who have contracted it.

In summary, the Court certainly takes the COVID-19 pandemic seriously, but it "cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner." *United States v. Koons*, 2020 WL 1940570, at *4 (W.D. La. Apr. 21, 2020). The Courts that have granted compassionate release because of the pandemic "largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe health concerns." *Thompson*, 2021 WL 37493 at *3. "Fear of COVID doesn't automatically entitle a prisoner to release." *Id.*; *see also Koons*, 2020 WL 1940570 at *5.

5

Defendant already got a very generous downward variance at sentencing, and he has served less than half of that sentence. Although he has allegedly contracted the virus, he has not provided any evidence that his symptoms are severe enough to constitute an extraordinary and compelling reason for a reduction in sentence, and the Court does not know his current condition. *See United States v. Givens*, 2020 WL 6196017, at *4 (E.D. La. Oct. 22, 2020) (court denied motion for compassionate release by inmate had already contracted COVID-19); *United States v. Phillips*, 2020 WL 7034316, at *2 (D. Alaska Nov. 30, 2020) (court denied motion for compassionate release by inmate currently suffering from COVID-19 symptoms); *see also United States v. Mount*, 2021 WL 185309, at *6 (E.D. Tex. Jan. 19, 2021) ("Courts have repeatedly denied COVID-19-based motions for compassionate release filed by inmates who have already contracted and recovered from the virus."). The BOP's response to the pandemic, outlined in detail in the Government's brief, is sufficient, given the circumstances and logistical issues presented by a prison environment. Moreover, the Court trusts that if Defendant's symptoms become severe, he will be transported to an appropriate medical facility. Finally, Defendant requests a hearing on the present motion, but the Court finds that a hearing is not necessary. For all the reasons provided above, the Court **denies** Defendant's Motion for Compassionate Release [46].[1]

---

[1] *See e.g. United States v. Brown*, 2020 WL 6833778 (5th Cir. Nov. 20, 2020); *United States v. Jackson*, 2020 WL 6702129 (5th Cir. Nov. 13, 2020); *United States v. Rivas*, 2020 WL 6437288 (5th Cir. Nov. 2, 2020).

SO ORDERED AND ADJUDGED this 26th day of January, 2021.

/s/   Keith Starrett
KEITH STARRETT
UNITED STATES DISTRICT JUDGE